IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                              Civil Action No. 3:15-cv-217

MICHAEL J. BIGG, et al.,
    Defendants.

## OPINION

Michael J. Bigg failed to file tax returns for tax years 2002 through 2008. In April, 2015, the government filed this action against Bigg and his radiology practice, Monument Radiology, P.C ("Monument"), to collect on Bigg's tax liability. Due to Bigg's failure to file tax returns, the government calculated Bigg's tax liability based on automated substitutes for returns ("ASFRs").[1] Because both the defendants failed to respond or defend against this action, the Court entered default judgments against Bigg and Monument based on the amount calculated in the ASFRs.

Bigg has now moved to set aside the default judgments on behalf of himself and Monument under Federal Rule of Civil Procedure 60(b)(6). Because Bigg fails to meet his burden under Rule 60(b)(6), the Court will deny the motion.

## I. BACKGROUND

Bigg, a British citizen, moved to Virginia with his wife in 1982. He worked as a hospital radiologist for thirteen years before losing his job. Bigg then attended Harvard Law School and practiced law for a few years. His law firm eliminated his position in 2001.

---

[1] When an individual fails to file his or her tax returns, the Internal Revenue Service ("IRS") will make "assessments against [that individual] . . . based on third-party reporting." (Dk. No. 31, at 2.)

After losing his job at the law firm, Bigg faced numerous personal struggles and had trouble finding steady work. He began drinking heavily and suffered from "bouts of depression." (Dk. No. 30, at 5.) Beginning in 2002, Bigg stopped filing tax returns. When Bigg sold his home in Great Falls, Virginia, in 2003, the sale appeared to generate a sizeable amount of taxable income based on the reporting the IRS used to complete Bigg's ASFR.[2] Bigg contends that he always intended to catch up on filing his taxes, but that "life-altering event[s]" continuously overwhelmed him and prevented him from doing so.[3] (*Id.*)

In 2012, Bigg bought Monument, a radiology business in Richmond, Virginia, that faced "severe financial trouble" and "a mountain of debt." (*Id.* at 6-7.) Bigg says that he did not know about those troubles until August, 2012, because the office manager who stayed on staff after the acquisition concealed Monument's financial affairs. The IRS served Monument with a Notice of Levy, Salary, and Other Income for Bigg's wages and other income on August 16, 2012. Monument did not comply with the levy.

In September, 2014, Bigg found a letter from the IRS affixed to the front door of his house in which the IRS threatened to seize his assets.[4] Bigg contacted a tax resolution firm in October, 2014, that reassured him that it would address the tax issues. The firm, however, did nothing to resolve the issues. Bigg continued to drink heavily and "believes he may have suffered a mental breakdown." (*Id.* at 8).

---

[2] Bigg argues that he had no tax liability for that sale.
[3] For example, in 2003, a hurricane flooded Bigg's new home and destroyed many of his belongings. In 2014, Bigg's daughter experienced severe health issues that nearly killed her.
[4] After buying the business, Bigg and his family lived in a rental property in Richmond, and only occasionally returned to their house, which was located two hours away in Kilmarnock, Virginia.

The government filed this action in April, 2015, and personally served Bigg, individually and as president of Monument, with a copy of the summons and the complaint.[5] The Clerk entered default against Bigg and Monument on May 21, 2015, when neither defendant responded to the complaint. In October, and November, 2015, the government mailed a copy of its motion for default judgments and two *Roseboro* notices to Bigg at his residence and Monument's office.

On December 7, 2015, the Court entered default judgment against Bigg in the amount of $1,182,573.00, plus statutory interest, and against Monument in the amount of $371,529.06, plus statutory interest. The government garnished Monument's insurance payments from 2016 until the satisfaction of Monument's debt in September, 2019. Bigg also received a letter by FedEx regarding discovery related to this case in April, 2017. Since the Court entered the default judgments, Bigg has tried to file belated tax returns for 2002 through 2008. He contends that those returns show that the IRS owes him $40,000.

## II. ANALYSIS

Federal Rule of Civil Procedure 60(b)(6) allows a court to relieve a party from a final judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To obtain relief, the moving party must first show (1) that he or she filed the motion in a timely manner, (2) that he or she has a meritorious defense, and (3) that granting relief will not unfairly prejudice the opposing party. *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). Unlike relief under Rule 60(b)(1) through (3), Rule 60(b)(6) does not require a party to file his or her motion within one year. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

---

[5] Although he "does not recall ever being served with the complaint or any other pleadings prior to the entry of default," Bigg does not challenge service of process as insufficient. (Dk. No. 30, at 9.)

3

The moving party must also show "'extraordinary circumstances' suggesting that the party is faultless in the delay." *Id.* Importantly, the provisions under Rule 60 "are mutually exclusive," so a party cannot seek relief under Rule 60(b)(6) that it should have sought under another provision. *Id.* Further, when the moving party does not establish extraordinary circumstances, a court may deny the motion without analyzing the threshold requirements. *See Gelin v. Baltimore County*, No. CV ADC-16-3694, 2019 WL 1546849, at *8 (D. Md. Apr. 9, 2019) ("Ordinarily, the Court would first analyze whether Plaintiffs met the threshold requirements to bring a Rule 60(b) motion. However, because the Court finds that Plaintiffs have failed to establish . . . extraordinary circumstances justifying relief pursuant to Rule 60(b)(6). . . , such analysis is unnecessary.").

Essentially, Bigg argues that the Court should grant him and Monument relief because (1) he did not know about the litigation—or at least his personal turmoil prevented him from responding to the action; and (2) enforcing the judgments based on the inaccurate returns would "offend any notion of justice." (Dk. No. 30, at 12.) The parties make numerous other arguments regarding whether the defendants have established the threshold requirements under Rule 60(b). The Court, however, need not address those arguments because Bigg has not established extraordinary circumstances that justify relief.

### A. Personal Turmoil

When requesting relief under Rule 60(b)(6), "the [moving] party must be faultless in the delay." *Pioneer Inv. Servs.*, 507 U.S. at 393. "If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) [of Rule 60] and the party's neglect must be excusable." *Id.*

Two Supreme Court cases govern the line between faultless delays and at-fault delays. First, in *Klapprott v. United States*, the Supreme Court held that a party timely filed a motion to

set aside a default judgment four years after the district court entered the judgment. 335 U.S. 601, 603, 614-15 (1949). The plaintiff in *Klapprott* "faced significant obstacles to the protection of his interests: he was in prison, ill, and without funds to obtain counsel." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 300 (4th Cir. 2017).

Second, in *Ackermann v. United States*, the Court upheld a district court's decision to deny a motion to vacate a judgment filed several years after it had entered judgment. 340 U.S. 193, 194-95, 197-98 (1950). Unlike the plaintiff in *Klapprott*, "when [Ackerman] was sued he was well, and had a home worth $2,500, one-half interest in a newspaper, and the means to employ counsel." *Id.* at 200. The Court in *Ackerman* emphasized "the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence." *Id.* at 202.

In this case, Bigg faced significant and unfortunate personal turmoil, but that turmoil did not prevent him from participating in the litigation. Bigg was not incapacitated when the government filed this action; he had operated a radiology practice for nearly three years. The government personally served Bigg, a once-licensed attorney, with the summons and the complaint, and it properly served him with the motion for default judgments. Even if Bigg did not know about the levy or the demands for payment, he at least had notice of this action and the motion for default judgments. Moreover, Bigg admits to knowing about this action by at least April, 2017, but he failed to file this motion for two more years. Bigg had the ability and the means to defend himself in the litigation but chose not to. *See id.*

At most, Bigg alleges excusable neglect under Rule 60(b)(1), but the time to bring a motion under that provision has expired. Bigg cannot now seek to set aside the judgments under Rule 60(b)(6). *See Pioneer*, 507 U.S. at 393.

## B. Risk of Injustice

Bigg further argues that his belated returns show that he has no tax liability and that, in fact, the government owes him money. Bigg contends that a court should set aside a tax judgment when the evidence shows the defendant does not actually owe the judgment amount. *See United States v. Pound*, No. CIV-07-427-RAW, 2010 WL 2803918, at *4 (E.D. Okla. Feb. 2, 2010). In *Pound*, however, the defendant filed the motion to vacate the judgment under Rule 60 approximately six months after the court entered judgment. *Id.* at *1.

Nonetheless, a court may set aside a judgment when it "unquestionably [has] no basis whatsoever either in fact or in law." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 107 (4th Cir. 1979). In *Compton*, the Fourth Circuit held that "[i]t would be unconscionable not to set aside [a] judgment" lacking support in law or fact, and "when the judgment [was] practically two hundred times" more than what the district court could enter under the controlling contract. *Id.*

Bigg strongly protests the amounts calculated in the ASFRs and contends that he would owe no money had he filed the returns timely. The government had no choice, however, but to rely on automatically generated returns when it filed this action. The IRS calculated the returns according to the available facts, and the Court entered the judgments based on those same facts. While Bigg's belated returns may show a meritorious defense had he responded to this action, Bigg has not established that the judgments did not have a basis in fact. Denying the motion to vacate the judgments will not result in injustice when the Court entered the judgments based on the best facts available to it at the time of the litigation.

## III. CONCLUSION

Because Bigg has not established "extraordinary circumstances" that merit relief under Rule 60(b)(6), the Court will deny the motion.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 2 November 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge